```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

CHRIS CARPENTER                          CIVIL ACTION

VERSUS                                   NO: 08-1087

DOLLAR GENERAL CORP., ET AL.             SECTION: "J" (1)
```

**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion to Remand (Rec Doc. 9).** This motion, which is opposed, was set for hearing on August 20, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be denied.

### Background Facts

On December 10, 2006 plaintiff was involved in an incident at the Dollar General store located at 22022 Marshall Road, in Covington, Louisiana. Plaintiff alleges that due to what he describes as a cheese residue on the floor in an aisle, he tripped and fell to the ground, sustaining certain injuries.

Subsequently, plaintiff filed a Petition for Damages in the 22nd Judicial District Court for the Parish of St. Tammany on

January 30, 2007.  In the petition plaintiff alleged that the negligence of the defendant caused his injuries.  The state court petition lists numerous injuries sustained by the plaintiff, including :

    (a)   Strain, sprain, subluxation and other hurt and damage to the entire body, including the back and neck, the spine, bones, joints, nerves, tendons, ligaments, cartilages, muscles, facia and other soft tissues;

    (b)   Severe headaches, emotional upset and distress and other psychological sequelae;

    (c)   Cervical spine strains;

    (d)   Lumbosacral spine strain;

    (e)   Thoracic spine strain;

    (f)   Spinal injury and disability;

    (g)   Spinal muscle spasms;

    (h)   Cephalalgia;

    (I)   Memory loss; and

    (j)   Depression

Plaintiff itemized his alleged damages in the state court petition as follows:

    (a)   Past physical pain, suffering and discomfort;

    (b)   Past mental anguish, aggravation, and annoyance;

    (c)   Disability;

    (d)   Future physical pain, suffering and discomfort;

    (e)   Future mental anguish, aggravation, and annoyance;

    (f)   Future medical expenses;

    (g)   Past lost wages;

    (h)   Future lost wages;

    (I)   Loss of enjoyment of life;

    (j)   Loss of use/function of parts of body;

    (k)   Bodily disability;

    (l)   Impairment of psychological functioning;

    (m)   Disability limiting work to earn and income;

    (n)   Destruction of earning capacity; and

    (o)   Disability from engaging in recreation;

On February 21, 2008, Defendant Dolgencorp, Inc. filed a Notice of Removal to remove the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 asserting diversity jurisdiction. Plaintiff now seeks to remand the case for lack of subject matter jurisdiction.  Diversity is not disputed as plaintiff is a citizen of Louisiana and defendant is a corporation under the laws of Kentucky with their principal place of business in Tennessee.  This motion to remand is based on a dispute regarding the amount in controversy.

### The Parties' Arguments

Plaintiff argues that it is neither facially apparent from the original petition, nor has the defendant set forth any facts

which would support the position that the amount in controversy exceeds $75,000. Defendant argues that at the time of removal, it was facially apparent from the state court petition that the amount in controversy exceeded $75,000.

## Discussion

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. 28 U.S.C. 1441(a). Original diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). A removing defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. De Aquilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). The jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy meets the statutory requirement. De Aquilar, 47 F.3d at 1412. Alternatively, a defendant can rely on summary judgment-type evidence of facts in controversy that establish the jurisdictional amount. Id. After a defendant has met its burden, a plaintiff must prove to a legal certainty that his recovery will not exceed the jurisdictional

amount to obtain a remand.  Id.   The removal statutes should be strictly construed in favor of remand.  Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

Plaintiff argues that at no point did jurisdiction ever attach in this case because it is not apparent from the state court petition that the amount in controversy exceeds $75,000 and because defendant has not provided any other evidence to support such a conclusion.  Plaintiff is incorrect.  It is apparent to the Court that the face of the state court petition identifies damages that exceed $75,000.  In this case, plaintiff's injuries as alleged in his petition include: strain, sprain, subluxation of his entire body; severe headaches and emotional upset and distress; cervical, lumbosacral and thoracic spine strains; spinal injury and disability; spinal muscle spasms; cephalalgia; memory loss; and depression.  Plaintiff seeks damages for a multitude of injuries, including: past physical pain and suffering; past mental anguish; disability; future physical pain and suffering; future mental anguish; future medical expenses; past and future lost wages; loss of use and function of certain body parts; destruction of earning capacity; and disability limiting work and recreation.

The alleged injuries and damages sought by plaintiff are similar to those in other cases where federal courts have determined that jurisdiction existed on the face of the state

court petition.  For example, these injuries are at least as severe when compared with those in Gebbia.  In Gebbia, another slip-and-fall case, plaintiff alleged in her state court petition injuries to her wrist, knee and patella, and upper and lower back and damages for medical expenses, physical pain, mental anguish, loss of enjoyment of life, loss of wages, and personal disability.  233 F.2d at 881.  Based on that state court petition, the Fifth Circuit affirmed the district court's determination that the petition facially stated the required amount in controversy.  Id. at 883.  In Luckett v. Delta Airlines, Inc., the Fifth Circuit held that the district court correctly found that a plaintiff's claims exceeded $75,000 where plaintiff alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework after hospitalization.  171 F.3d 295, 298 (5th Cir. 1999).  Further, the injuries and damages alleged by plaintiff in this case are similar to those addressed in Corkern v. Outback Steakhouse, No. 05-5487, 2006 WL 285994 (E.D. La. Feb. 6, 2006). In that case a plaintiff sued for injuries resulting from alleged food poisoning at an Outback restaurant.  Id. at *1.  The plaintiff's state court petition alleged injuries to the back, lumbar spine and discs, resulting in claims for past and future pain, mental anguish, loss of enjoyment, disability, medical

6

expenses, lost wages, lost earnings, and transportation costs. Id. In Corkern, the court concluded that based on these alleged injuries and damages it was facially apparent that the plaintiff's claims were greater than $75,000. Id.

Defendant, as the party who sought removal has the burden of proving by a preponderance of the evidence that the requirements of diversity jurisdiction are met. Defendant has met its burden. The injuries and damages alleged in the state court petition make it facially apparent that the amount in controversy exceeds $75,000. The injuries and damages alleged in this case are similar to those alleged in other cases where federal courts have found it facially apparent that the amount in controversy exists. This case does not present any ambiguities that are to be "construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002). Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 9)** is hereby **DENIED**.

New Orleans, Louisiana, this 7th day of October, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE